993 F.2d 229
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Woodrow Wilson MILES, Defendant-Appellant.
 No. 92-5708.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 8, 1993
Decided: April 29, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CR-88-33-R)
 Augustus S. Hydrick, Jr., Hydrick Law Offices, Richmond, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and MURNAGHAN, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Woodrow Wilson Miles appeals from an order of the district court resentencing him in accordance with a prior decision of this Court. We affirm.
 
 
 2
 In 1988 Miles was charged in a multiple-count, superseding indictment with numerous firearms violations and related offenses. Miles pled guilty to seven counts, one was dismissed by the Government, and a jury convicted him on the remaining nineteen counts. Some of the charged offenses occurred before the sentencing guidelines took effect, some after, and a conspiracy charge straddled the effective date of the guidelines; consequently, Miles was sentenced both under the guidelines and under pre-guidelines law. Miles ultimately received fifty-one months under the guidelines on count one, the conspiracy charge, to be followed by five separate, consecutive five year terms under prior sentencing law on counts two through six. The sentences on the remaining counts were either suspended or made to run concurrently with other sentences. The court also imposed special assessments, fines, and various terms of probation and supervised release. Miles appealed and his convictions and sentences were affirmed by this Court. United States v. Miles, No. 88-5681, slip op. at 7, (4th Cir. Feb. 7, 1990) (unpublished), cert. denied, 59 U.S.L.W. 3246 (U.S. 1990).
 
 
 3
 Miles then filed a motion under 28 U.S.C. § 2255 (1988) challenging various aspects of his convictions and sentences. The district court denied relief. On appeal, this Court held that the district court had improperly grouped counts one, seven through eleven, thirty-six and thirty-seven under the guidelines and that defense counsel had been ineffective for failing to raise the error. United States v. Miles, No. 91-7286, slip op. at 3, (4th Cir. June 3, 1992) (unpublished). This Court remanded for resentencing.
 
 
 4
 On remand, a new presentence report was prepared, objections were received, and a hearing was held. Miles' objections were overruled and Miles was resentenced. Miles filed a timely notice of appeal.
 
 
 5
 Miles raises two related issues on appeal. He contends that it was error to give him consecutive sentences under pre-guidelines law on counts two through six. In addition, he claims that the district court should have grouped count one, the conspiracy count, with counts two through six, the pre-guidelines substantive counts, for sentencing purposes.
 
 
 6
 Miles argued on direct appeal that the district court erred in making his pre-Guidelines substantive counts sentences consecutive to his Guidelines conspiracy count. We found this argument without merit then and affirm that conclusion here. Miles' counts two-six are not governed by the Guidelines since they occurred prior to November 1, 1987. Prior to the enactment of the Guidelines, district courts had "unfettered discretion" in imposing sentences. United States v. Watford, 894 F.2d 665, 669 (4th Cir. 1990). The district court properly gave Miles consecutive sentences for substantive counts which alleged conduct occurring prior to the effective date of the guidelines, and then sentenced him under the guidelines for the conspiracy count. Watford, 894 F.2d at 668-70. Further, the court was not required to group sentences together.*
 
 
 7
 Accordingly, the decision of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Miles also claims that his counsel was ineffective for failing to pursue both of these arguments in district court. Since we find no merit to either contention, we also reject Miles' ineffective assistance of counsel claims. See Lockhart v. Fretwell, 61 U.S.L.W. 4155, 4158 (U.S. Jan. 25, 1993)